# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.2:19-CR-311 JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| CAMERON COLLINGS, | |
| Defendant(s). | |

Presently before the court is defendant Cameron Collings' motion for judicial recommendation. (ECF No. 35). The government did not file a response and the time to do so has passed.

Defendant is currently serving an 87-month prison sentence for the receipt of child pornography. (ECF No. 26). His projected release date is December 25, 2025. (ECF No. 35, at 2). Defendant is nearing the end of his incarceration and will soon be eligible for release to reentry placement. (*Id*. at 3). Defendant now requests that the court recommend the BOP to consider him for placement into a residential reentry center and home confinement upon eligibility. (*Id*. at 3-4).

Section 3624(c)(1), as amended by the Second Chance Act of 2007, directs the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(2). An appropriate placement may include a residential reentry center or "home confinement." *Id*.

Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

    (4) any statement by the court that imposed the sentence—

        (A) concerning the purposes for which the sentence to imprisonment was determined to be

        (B) recommending a type of penal or correctional facility as appropriate.

18 U.S.C. § 3621(b)(4).

    The BOP has the ultimate decision-making authority in deciding whether a prisoner will serve his remaining sentence in another community correctional facility. *Id*. Courts in this district have ordered the recommendation defendant is requesting. *See United States v. Parlin*, 2019 WL 5268542 (D. Nev. Oct. 17, 2019); *see United States v. Lopez*, 2022 WL 1555187, (D. Nev. May 16, 2022).

    In light of defendant's considerable efforts toward self-improvement and the lack of any government response, the court finds that reentry placement would advance the goals of the Second Chance Act. Accordingly, the court will issue a non-binding recommendation that defendant serve the final twelve months of his sentence at a residential reentry center and home confinement as the BOP sees fit.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for judicial recommendation (ECF No. 35), be, and the same hereby is, GRANTED.

    IT IS HEREBY RECOMMENDED that defendant be considered for placement at a residential reentry center and for home confinement as soon as he is eligible.

    DATED September 13, 2024.

                                                           _____
                                                           UNITED STATES DISTRICT JUDGE